1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MICHAEL ERIK A.B. MAK, Petitioner | No. C 12-80118 MISC SI |
| For the Issuance of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. § 1782. _____/ | **ORDER GRANTING PETITIONER MICHAEL ERIK A.B. MAK'S APPLICATION FOR ISSUANCE OF SUBPOENA TO GEORGE J. GROVER PURSUANT TO 28 U.S.C. § 1782** |

Petitioner Michael Erik A.B. Mak Shun Ming Hotung ("Petitioner") applies *ex parte* for the issuance of a subpoena pursuant to 28 U.S.C. § 1782. Petitioner seeks to subpoena George J. Grover in connection with a divorce proceeding between Petitioner and Chan Wei Guang currently taking place in the High Court of the Hong Kong Special Administrative Region Court of First Instance. According to Petitioner, on April 3, 2012, Mr. Grover presented an affidavit (the "Affidavit") under oath which Mr. Grover knew was to be presented as evidence in the court proceeding between Petitioner and Ms. Guang. Hill Decl. ¶ 3; Ex. A. In the Affidavit, Mr. Grover stated that Petitioner owns a collection of cars "worth more than US$50,000,000." Hill Decl., Ex. A ¶ 19. Petitioner contests this assertion and seeks information from Mr. Grover regarding the factual basis of his claim.

**DISCUSSION**

The statute which authorizes federal courts to act upon foreign requests for assistance in obtaining documentary and testimonial evidence is 28 U.S.C. § 1782, which provides that, "the district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). A district court is authorized to grant a § 1782 application,

> where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or "any interested person."

1    *In re Application for Appointment of a Commissioner re Request for Judicial Assistance for the Issuance*

2    *of Subpoena Pursuant to 28 U.S.C. § 1782*, No. C 11-80136 RS (MEJ), 2011 WL 2747302 (N.D. Cal.

3    July 13, 2011) (granting § 1782(a) application seeking issuance of subpoenas on blog publishing service

4    to identify individuals who authored an anonymous blog commenting on foreign labor dispute).  In

5    addition, "[a] person may not be compelled to give his testimony or statement or to produce a document

6    or other thing in violation of any legally applicable privilege." 28 U.S.C. § 1782.  The Supreme Court

7    has held that § 1782 does not contain a "foreign-discoverability requirement"—*i.e.*, there is no

8    requirement that the information sought be discoverable under the law governing the foreign proceeding.

9    *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004).  The Supreme Court has also

10   held that a § 1782(a) applicant is not required to show that United States law would permit "discovery

11   in domestic litigation analogous to the foreign proceeding."  *Id*. at 263.  "Section 1782 is a provision

12   for assistance to tribunals abroad.  It does not direct United States courts to engage in a comparative

13   analysis to determine whether analogous proceedings exist here."  *Id*.

14       A district court has discretion whether to grant Section 1782 discovery. *Id*. at 264.  The Supreme

15   Court has identified four additional factors when considering whether to allow discovery: (1) "when the

16   person from whom discovery is sought is a participant in the foreign proceeding . . ., the need for

17   § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a

18   nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the

19   proceedings underway abroad, and the receptivity of the foreign government or the court or agency

20   abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt

21   to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United

22   States"; and (4) whether the request is unduly intrusive or burdensome.  *Intel*, 542 U.S. at 264-65.

23       The Court has reviewed Petitioner's application and has preliminarily determined that the

24   statutory requirements have been met.  First, Mr. Grover resides within the Northern District of

25   California.  Second, the discovery is for use in an ongoing divorce proceeding in Hong Kong.  Third,

26   Petitioner, about whom Mr. Grover submitted his affidavit, is an interested person within the meaning

27   of the statute.

28

**United States District Court**
For the Northern District of California

1  The Court also preliminarily finds that the discretionary factors identified by the Supreme Court

2  weigh in favor of granting the application.   Mr. Grover is not a party to the divorce proceeding, and

3  therefore any documents relating to the statements made in his affidavit would be unattainable absent

4  § 1782(a) aid.  The Hong Kong court would presumably be receptive to the discovery request as it

5  concerns information essential to obtaining accurate facts that bear on the divorce proceeding.  Nothing

6  before the Court suggests that Petitioner's § 1782 request is an attempt to circumvent foreign proof-

7  gathering restrictions or other policies of a foreign country or the United States.  Finally, Petitioner's

8  argument that the request is not unduly intrusive or burdensome because Mr. Grover voluntarily

9  submitted his Affidavit is persuasive.

10  The Court therefore finds that Petitioner has established good cause to seek discovery from Mr.

11  Grover.  However, the Court's ruling does not preclude the subpoena from being contested on other

12  grounds not presently before the Court.  The Ninth Circuit has held that applications for subpoenas

13  pursuant to § 1782 may be filed ex parte because "[t]he witnesses can . . . raise[] objections and

14  exercise[] their due process rights by motions to quash the subpoenas."  *In re Letters Rogatory from*

15  *Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976).  Mr. Grover shall therefore have twenty

16  one calender days after the service of the subpoena to contest it.  The return date on the subpoena shall

17  therefore be set twenty one days after service.

18

19  ## CONCLUSION

20  For the foregoing reasons discussed above in connection with § 1782, the Court finds that

21  Petitioner has established good cause to seek discovery from Mr. Grover and therefore GRANTS

22  Petitioner's application.  The return date of the subpoena shall be set after the expiration of the 21 day

23  period to allow Mr. Grover to contest the subpoena if he desires.

24

25  **IT IS SO ORDERED.**

26  Dated: May 31, 2012

27  SUSAN ILLSTON
   UNITED STATES DISTRICT JUDGE

28