United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MICHAEL ERIC A.B. MAK, PETITIONER , <br><br>    Plaintiff, <br><br>    v. <br><br>FOR THE ISSUANCE OF DISCOVERY IN AID OF FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. 1782., <br><br>    Defendant. <br>_____ / | No. C 12-80118 SI <br><br>**ORDER DENYING GEORGE J. GROVER'S MOTION TO SET ASIDE ISSUANCE OF SUBPOENA.** |

**BACKGROUND**

On May 31, 2012, the Court issued an order granting Petitioner Michael Erik A.B. Mak Shun Ming Hotung's *ex parte* application for the issuance of a subpoena pursuant to 28 U.S.C. § 1782. Petitioner Mak ("Petitioner") sought to subpoena George J. Grover in connection with a divorce proceeding between petitioner and Chan Wei Guang currently taking place in the High Court of the Hong Kong Special Administrative Region Court of First Instance. According to petitioner, on April 3, 2012, Grover presented an affidavit (the "Affidavit") in which he stated Petitioner owns a collection of cars "worth more than US$50,000,000." Hill Decl., Ex. A ¶ 19. Petitioner contests this assertion and petitioned this Court to issue a subpoena pursuant to 28 U.S.C. § 1782 in order to depose Grover.

On May 31, 2010, the Court granted petitioner's motion. In its order, the Court gave Grover 21 days to contest the subpoena. On June 25, 2012, Grover, proceeding pro se, filed a timely objection

requesting this Court to quash the subpoena. Petitioner has filed an opposition to Grover's motion to quash.

## DISCUSSION

Grover moves to quash the subpoena on the grounds that petitioner would not be entitled to take his deposition under applicable Hong Kong rules. Mot., Dkt 7 ¶ 1. He also argues that the court proceedings in Hong Kong are being held in private, and therefore "it is in the best interest of the children and the parties in this case who are both celebrities in Hong Kong, to have this information produced in court in private." *Id.* ¶ 2. Finally, Grover argues that because he will be available to testify in Hong Kong as a witness, requiring him to testify at a deposition in San Francisco would be "both burdensome and duplicative," and essentially "amoun[t] to a pretrial of a single issue." *Id.* ¶¶ 5,7.

Under 28 U.S.C. § 1782, federal courts are authorized to act upon foreign requests for assistance in obtaining documentary and testimonial evidence. A district court has discretion whether to grant Section 1782 discovery. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). In issuing its May 31 Order, this Court found that petitioner had stated a compelling need to depose Grover in order to contest the assertions in the affidavit, which was to be used in Hong Kong divorce proceedings against petitioner.

The Court is not persuaded that it should change its position in light of the arguments presented by Mr. Grover in his motion to quash. Regarding his first contention, it is irrelevant whether petitioner would be entitled to take the deposition under Hong Kong rules. The Supreme Court has consistently held that § 1782 does not contain a "foreign-discoverability requirement"—*i.e.*, there is no requirement that the information sought be discoverable under the law governing the foreign proceeding. *Id.* at 260. The Supreme Court has also held that a § 1782(a) applicant is not required to show that United States law would permit "discovery in domestic litigation analogous to the foreign proceeding." *Id.* at 263. Whether a deposition would be admissible in Hong Kong's Courts is therefore not an issue in the instant request for discovery. If the Hong Kong Court determines that such discovery is not admissible under its rules, it may "place conditions on its acceptance of information, thereby maintaining whatever measure of parity it deems appropriate." *Id.* at 244.

Grover's concerns regarding the privacy of his deposition can also be addressed by the Hong Kong Court after the deposition has been completed. As discussed above, that court may take steps to protect information obtained from Grover as it sees fit. This Court therefore does not anticipate that allowing a deposition here would be unduly prejudicial to Grover or the parties in this proceeding.

Finally, the Court finds that Grover has not established that he would be unduly burdened by the discovery sought. Petitioner asserts that Grover is located approximately 20 miles from the location where he is requested to appear for the deposition, and that the papers which may be sought are also located in the Northern District. While Grover has stated he plans to travel to Hong Kong and testify, the Court finds that requiring him to attend a deposition in San Francisco would not be unduly burdensome.

## CONCLUSION

For the foregoing reasons, the Court DENIES Grover's motion to set aside the subpoena.

**IT IS SO ORDERED.**

Dated: July 16, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE